IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | |
|---|---|
| **COMPLAINT OF:** | Civil Action No. 5:12-CV-47 |
| **BELLAIRE HARBOR SERVICE, LLC,** as owner of the M/V WHITE HOUSE | **JUDGE STAMP** |
| for Exoneration or Limitation of Liability | **JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT
OF CLAIMANT WILLIAM E. WHEAT'S
MOTION TO STAY THIS ACTION AND LIFT INJUNCTION
AGAINST PROSECUTION OF HIS STATE COURT SUIT**

**I.   Introduction; Reservation of right to contest Bellaire's status as vessel owner.**

Claimant William E. Wheat ("Wheat"), through undersigned counsel, files this his Memorandum in Support of his above-entitled Motion. Wheat's counsel has recently learned that U.S. Coast Guard National Vessel Documentation Center records do not make clear that the M/V WHITE HOUSE was owned by Bellaire Harbor Service, LLC ("Bellaire") at the time of the accident in question. Wheat's counsel has brought this potential issue to the attention of Bellaire's counsel and awaits Bellaire's counsel's response. Accordingly, this Memorandum is filed subject to and without waiving the potential position of Wheat that Bellaire lacks standing under the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* ("the Act") and, should this prove true, that this Court may lack jurisdiction to hear Bellaire's Complaint and thus Bellaire's Complaint should be dismissed.

1

II. **The Supreme Court has addressed the interplay between the Vessel Owners' Limitation of Liability Act and the Saving to Suitors Clause and determined claimants like Wheat are entitled to proceed with their state court actions against the vessel owner upon filing stipulations protective of the vessel owner's rights under the Act.**

The Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*. ("the Act"), provides in pertinent part at § 30505 (entitled "General limit of liability"):

> (a) In General.— Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
>
> (b) Claims Subject to Limitation.— Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

Section 30511(b) of the Act adds that "[w]hen an action has been brought under this section and the owner has complied with subsection (b) [concerning the transfer of the value of the vessel to the Court or the posting of security], all claims and proceedings against the owner related to the matter in question shall cease."

In contrast, 28 U.S.C. § 1333(1) (emphasis supplied) states:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, **saving to suitors in all cases all other remedies to which they are otherwise entitled.**

2

The Supreme Court addressed the "tension" that exists between the Act and the "Saving to Suitors Clause" of 28 U.S.C. § 1333(1) in *Langes v. Green*, 282 U.S. 531 (1931) and *Ex parte Green*, 286 U.S. 437 (1932). The high court held in these decisions that it was within the district court's discretion to permit a seaman to continue his state court personal injury action against the owner of the vessel upon which he was injured, after the vessel owner filed suit under the Act and the district court enjoined further proceedings against the vessel owner in state court, provided the seaman first filed stipulations protective of the vessel owner's rights under the Act.

The Supreme Court reaffirmed the rationale of *Langes v. Green* and *Ex parte Green*, and the propriety of a U.S. District Court lifting its injunction against the prosecution of a seaman's state court suit against the vessel owner upon the seaman's filing of appropriately protective stipulations, in *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957), and again in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001) ("this Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected.").

The recognized exception to this federal court's exclusive jurisdiction under the Act which applies in the present circumstances is the so-called "single claimant, inadequate fund" exception. This exception is implicated "when a single claimant files a claim against a shipowner seeking damages in excess of the limitation fund." *In re Ingram Barge Co.*, 419 F.Supp. 2d 885, 888-889 (S.D.W.V. 2006) (Goodwin, J.) (citing *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir.1993)). The damages Wheat seeks against his employer (Bellaire) and the owner of the vessel to which he was assigned on the day of the accident through his Jones Act negligence and general maritime law unseaworthiness claims exceed the limitation fund value of $600,000.00, thus the single claimant,

3

inadequate fund exception applies here.

Judge Goodwin, in *In re Ingram Barge Co.*, described how, in a single claimant, inadequate fund situation, the federal district court must lift its injunction against the single claimant's state court action against the shipowner if the claimant files stipulations protective of the shipowner's rights under the Act:

> When this occurs, "the district court must lift the stay provided that the claimant stipulates that the admiralty court has exclusive jurisdiction to determine all issues concerning the owner's limitation of liability under the Act." "Specifically, the claimant must waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding."

*Id.* See also *In re Two "R" Drilling Co.*, 943 F.2d 576, 578 (5th Cir. 1991) (where claimant files stipulations protective of shipowner's rights under the Act, "the district court should lift any stay against the state proceeding"); *In re Norfolk Dredging Co.*, 2003 U.S. Dist. LEXIS 24889, *10 (E.D. N.C. Dec. 17, 2003) ("[u]pon a finding that one of the two 'exceptions' exists, and after the claimant's entry of the proper stipulations, the federal district court must dissolve the injunction in the limitation action, thereby permitting the claimant to litigate his saving to suitors clause claims in the forum of his choice…."); *In re Complaint of Mohawk Assocs.*, 897 F.Supp. 906, 909 (D. Md. 1995) ("[a] district court has discretion to dissolve a previously-ordered stay in a limitation proceeding."); *In re Complaint of McAllister Towing*, 999 F.Supp. 797, 799-800 (E.D. Va. 1998) (describing how Supreme Court precedent instructs that under single claimant exception, and upon filing protective stipulations, "a claimant must be allowed to pursue an action outside the limitation proceeding and have the claim tried before the jury….").

If Wheat prevails against Bellaire in his state court action and damages are assessed in an

amount exceeding Bellaire's claimed interest in its towboat, the M/V WHITE HOUSE, then Wheat will formally so apprise this Court. In such event, this Court should then lift its stay of this action and proceed to determine *only* (a) whether Bellaire had privity to or knowledge of the acts, events, or conditions upon which its liability was based in the state court action and, if so, (b) the value of Bellaire's interest in the M/V WHITE HOUSE, together with pending freight. *See In re Norfolk Dredging Co.*, 2003 U.S. Dist. LEXIS 24889 at *10.

### III. Wheat need not now stipulate to Bellaire's assessment of the value of the limitation fund; This Court can address that issue later, if necessary.

This Court would not err in dissolving its injunction against Wheat's state court action against Bellaire and staying this proceeding pending the outcome of such state court action, even though the value of the limitation fund in this Court will not be determined, if at all, until after proceedings have concluded in state court. *See Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 207 (4th Cir.), *cert. denied*, 549 U.S. 881 (2006). In *Norfolk Dredging*, the Fourth Circuit held that postponement of determination of the amount of the limitation fund does not prejudice the shipowner's rights under the Act. *Norfolk Dredging Co.*, 439 F.2d at 209-211. *See also In re Assoc. of Maryland Pilots*, 596 F.Supp. 2d 915, 919 (D. Md. 2009) ("Clearly, under *Norfolk Dredging*, that stipulation need not include the precise amount of the limitation fund…."). Rule F(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions specifies the procedure for resolution of limitation fund issues.

### IV. Wheat is not required to stipulate to Bellaire's claimed right to have "exoneration" issues addressed by this Court, in addition to "limitation" issues.

While Bellaire seeks both limitation and *exoneration* in its complaint in this Court, Wheat is not required under the Act to stipulate to this Court's exclusive right to determine *exoneration*

5

issues, in addition to *limitation* issues under the Act. *In re Tetra Applied Technologies LP*, 362 F.3d 338, 339 (5th Cir. 2004) ("We…reiterate our prior holding that an exoneration stipulation is not required to protect a shipowner's rights under the Limitation Act."); *In re Tidewater, Inc.,* 249 F.3d 342, 347 (5th Cir. 2001) ("Requiring an exoneration stipulation would enlarge shipowners' rights under the Limitation Act and abridge claimants' rights under the saving to suitors clause. Therefore, an exoneration stipulation is not required before the stay can be lifted."); *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786, 792 (8th Cir. 2001) ("[claimant's] stipulations fulfilled the single-claimant exception permitting limitation of liability and thereby satisfied the Limitation Act requirements. Because [the shipowner's] right to limit liability is thereby effectively protected in federal court, and the Supreme Court's decision in *Lewis* [*v. Lewis & Clark Marine, Inc., supra*] does not require [the claimant] to reserve to federal court the issue of [the shipowner's] exoneration from liability, the district court must dissolve the injunction against state court proceedings."); *In re Assoc. of Maryland Pilots*, 596 F. Supp. 2d 915, 921 (D. Md. 2009) ("I conclude the analysis in [*In re Tidewater, Inc.,* 249 F.3d 342] is most likely to be embraced by the Fourth Circuit when it considers the question presented….I conclude, therefore, that [the claimant] is not required to stipulate to exoneration of liability but rather, need only stipulate to limitation of liability.").

   Were this Court to require Wheat to also stipulate to this Court's power to determine issues related to *exoneration* from liability, it would potentially be inviting re-litigation of all liability findings made in the Marshall County action and thus violating Wheat's rights under the Saving to Suitors Clause to have a state court determine his "saved" claims. *See, e.g., Complaint of Consolidation Coal Co.,* 123 F.3d 126 (3d Cir. 1997), *cert. denied*, 523 U.S. 1054 (1998) ("We

therefore need not decide whether a claimant in a limitation action must waive the *res judicata* effect of the state court proceedings as to both limitation and exoneration issues in order to proceed in state court under the saving to suitors clause. We do indicate, however, that we have serious doubts that the claimant must do so; thus the district courts should not read this opinion as approving implicitly a requirement that the stipulation waiving the *res judicata* effect of the state court action must include liability issues.").

V. **Bellaire is not entitled under the Act to an injunction against prosecution in state court of Wheat's maintenance and cure claim because such is Bellaire's "personal contract" of which it is deemed to have "privity and knowledge" and thus which is outside the purview of the Act.**

Bellaire, assuming it is the owner of the M/V WHITE HOUSE, is not entitled under the Act to a stay of Wheat's maintenance and cure claim pending in West Virginia state court. This is because maintenance and cure is a "personal contract" between the employer and the seaman. *Kossick v. United Fruit Co.*, 365 U.S. 731, 736-741 (1961). *See also The EDWARD PEIRCE*, 28 F.Supp. 637, 638 (S.D.N.Y.) (describing maintenance and cure as "personal contract" between operator of vessel who hires seaman and seaman). The Act "does not limit liability for the personal acts of the owners done with knowledge…." *Pendleton v. Benner Line*, 246 U.S. 353, 356 (1918) (citing *Richardson v. Harmon*, 222 U.S. 96 (1911)). *See also Great Lakes Towing Co. v. Mill Transp. Co.*, 155 F. 11, 16 (6th Cir.), *cert. denied*, 207 U.S. 596 (1907) ("the act of 1884 was not intended to have application to liabilities of the owners of vessels for the consequences of their personal faults or of obligations personally contracted by them."). "By its own terms, the Limitation Act protects the right of vessel owners to limit their liability to the value of the vessel, provided that the events or circumstances giving rise to the damage occurred without the vessel owner's privity or knowledge." *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 453 (2001).

"Indeed, courts have expressly held that "a shipowner cannot limit its liability for maintenance and cure.  It may bring a limitation action only in response to a finding of negligence or unseaworthiness." *Brister v. A.W.I., Inc.*, 946 F.2d 350, 361 (5th Cir. 1991).

Accordingly, Wheat need not stipulate to this Court's jurisdiction over his maintenance and cure claim, or any judgment collection efforts in furtherance of this claim, in order for this Court's injunction against his state court action to be lifted.  It is for this reason the Stipulations Wheat has filed expressly carve-out his maintenance and cure claim against Bellaire.

### VI.     Conclusion.

Accordingly, Wheat respectfully requests that his motion to stay this action and to lift this Court's injunction against the further prosecution of his suit pending in the Circuit Court of Marshall County, West Virginia, be granted.

Respectfully submitted,

**GOLDSMITH & OGRODOWSKI, LLC**

Date:   June 7, 2012         s/ Frederick B. Goldsmith
_____
Frederick B. Goldsmith
WV ID #7952
fbg@golawllc.com
247 Fort Pitt Boulevard, 4th Floor
Pittsburgh, PA  15222
Phone: (412) 281-4340
Fax: (412) 281-4347

**Counsel for Claimant William E. Wheat**

8

## Certificate of Service

I certify that on June 7, 2012, I served, in the manner indicated, a true and correct copy of the foregoing upon the following counsel of record via CM/ECF:

Dennis A. Watson, Esq.
Russell D. Giancola, Esq.
Grogan Graffam, P.C.
444 Liberty Avenue
Pittsburgh, PA  15222-1244

**Counsel for Plaintiff, Bellaire Harbor Service, LLC**

                                                s/ Frederick B. Goldsmith
                                                _____