```
              IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


COMPLAINT OF:

BELLAIRE HARBOR SERVICE, LLC,         Civil Action No. 5:12CV47
as owner of the M/V WHITE HOUSE                          (STAMP)

For Exoneration or Limitation
of Liability
```

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**DENYING WITHOUT PREJUDICE CLAIMANT'S MOTION**</u>
<u>**TO STAY THIS ACTION AND LIFT INJUNCTION**</u>
<u>**AGAINST PROSECUTION OF HIS STATE COURT SUIT**</u>

I.  <u>Background</u>

The plaintiff filed this civil action in this Court seeking exoneration of liability pursuant to the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, <u>et seq.</u> ("VOLLA"), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule F"). The plaintiff's complaint arises from a civil action filed in the Circuit Court of Marshall County, West Virginia by claimant William E. Wheat ("claimant" or "Wheat"), wherein the claimant asserts liability on the part of the plaintiff for personal injuries the claimant allegedly suffered onboard Motor Vessel White House ("M/V White House") on October 10, 2010. According to the claimant's Marshall County complaint, the claimant was a deckhand employed by the plaintiff aboard M/V White House when he allegedly hooked a wire on a barge loaded with coal and began to place the wire around the timberhead on the barge going into the fleet in order to secure

the barge.  At that time, the claimant alleges that he injured his lower back while attempting to take the slack out of the wire.

The plaintiff claims that it is entitled to a finding of exoneration, or alternatively, the benefit of the limitation of liability provisions contained at 46 U.S.C. § 30501, et seq., and in particular, § 30505, due to its ownership interest, as that term is defined by 46 U.S.C. § 30501, of M/V White House on October 10, 2010.  The plaintiff requests that its liability, if any, be limited to the value of the M/V White House and its tow and freight pending immediately after the incident claimed in Wheat's Marshall County civil action.  The plaintiff offered an Ad Interim Stipulation for Value in the amount of $600,000.00, plus interest at the rate of 6% per annum, representing the plaintiff's claimed aggregate interest in the M/V White House and its freight pending immediately after the accident, and a Letter of Undertaking.

Following this Court's approval of the Ad Interim Stipulation and Letter of Undertaking, this Court ordered that Notice issue pursuant to Rules F(4) and F(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, to all persons, companies, and other entities asserting claims with respect to which the plaintiff's complaint seeks exoneration from or limitation of liability.  That Notice directed any claimants to file their claims in writing with this Court and to serve the copies on counsel for

2

the plaintiff.  In response to the Notice, claimant Wheat filed his claim in this Court.  The plaintiff then filed an amended complaint with consent of the claimant,[1] which clarified the circumstances of the plaintiff's ownership of M/V White House.

Currently pending before this Court is the claimant's motion to stay this civil action and lift the presently existing injunction against prosecution of his state court action.  The claimant's motion includes written stipulations in support of this motion.  The plaintiff has opposed this motion and the stipulations filed in support thereof, on the basis of its assertion that the stipulations fail to adequately protect the plaintiff's rights to assert limitation of liability in this Court pursuant to the VOLLA and Rule F.

The claimant's stipulations in support of his motion to stay this action and lift the injunction against prosecutions of his state court suit are as follows:

> 1.   Wheat stipulates and agrees that Bellaire is entitled to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, et seq. in this Court, save and except for all issues concerning Wheat's claim against Bellaire for maintenance and cure[2] (and attorney's fees and punitive

---

[1]The claimant's consent did not waive his right to contest the plaintiff's standing to bring this action in future proceedings.

[2]A "maintenance and cure" claim arises out of a vessel owner's quasi-contractual duty "to provide maintenance and cure for seamen injured or falling ill while in service[.]"  Calmer S.S. Corp. v. Taylor, 303 U.S. 525, 527-28 (1938).  This duty creates a cause of action for seamen so injured or falling ill to recover the costs

damages for Bellaire's willful failure to promptly pay Wheat all the maintenance and cure to which he is entitled), because Bellaire's maintenance and cure obligation to Wheat is a "personal contract" of which it is deemed to have privity and knowledge and thus this contract and the claim which attends it are not subject to the protections of the Act.

2.   Wheat waives any claim of <u>res judicata</u> relevant to the issue of limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, <u>et seq.</u> based on any jury or non-jury trial decision or judgment they may obtain in state court, except for any such claim based on Wheat's above-described maintenance and cure claim against Bellaire.

3.   To clarify the above two stipulations, should Wheat obtain a judgment against Bellaire in state court in his favor on his Jones Act[3] negligence and/or general maritime law unseaworthiness claims, Wheat stipulates and agrees that this Court, after lifting its stay of this federal action, shall then proceed to determine <u>only</u> (a) whether Bellaire had "privity to or knowledge of" (as these terms have been defined in applicable case law construing [VOLLA], 46 U.S.C. § 30501, <u>et seq.</u>) the acts, events, conditions, omissions, etc. upon which its liability was based in the state court action and, if so, (b) the value of Bellaire's interest in the M/V WHITE HOUSE, together with pending freight, as specified under the Act.  In other words, nothing contained in these stipulations should be read or construed as an agreement or stipulation by Wheat to allow this federal court to revisit the liability or damage findings made in the state court action which are separate and apart from the discrete findings (specified in (a) and (b), above) which this Court must make as to limitation of liability under the Act.  Accordingly, because he is not required to under applicable law, Wheat does <u>not</u> stipulate or agree to Bellaire's alleged right (as pled in its Complaint) to have this Court determine issues related to <u>exoneration</u>

---

incurred for seeking their own maintenance and cure.  <u>Id.</u>

[3]Title 46, United States Code, Section 30104, The Jones Act, provides that "a seaman injured in the course of employment or . . . may elect to bring a civil action at law, with the right of trial by jury, against the  employer." <u>Id.</u>

from liability, as such would amount to a disregarding of the liability findings made in the state court action -- something Wheat does <u>not</u> agree to.

4.   While not stipulating or agreeing that the value of the limitation fund in this action is, as alleged by Bellaire, not in excess of $600,000.00, and specifically reserving his right to file at a later time a motion under Rule F(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking an appraisement of the value of Bellaire's interest, if any, in the vessel and pending freight, Wheat stipulates and agrees that in the event there is a judgment or recovery on any jury or non-jury trial decision or judgment in state court in excess of $600,000.00 against Bellaire, and to the extent such state court decision or judgment is not based on Wheat's above-described maintenance and cure claim, Wheat will not seek to enforce such excess judgment or recovery to the extent same may expose Bellaire to liability in excess of the sum of $600,000.00 until adjudication of Plaintiffs' Complaint for limitation of liability in this Court.

5.   Wheat stipulates and agrees that this Court has the exclusive right under [VOLLA] to determine the proper value of the limitation fund under the procedures outlined in Rule F(7).

ECF No. 13 (emphasis in original).

Specifically, with regard to the above stipulations, the plaintiff argues that its rights are insufficiently protected because: (1) Wheat fails to stipulate to limit his recovery to the value of the vessel and its attending freight; (2) Wheat carves out impermissible exceptions to his stipulations that this Court will have exclusive jurisdiction over all limitation of liability issues and that Wheat will not use any state court judgment to attack the limitation of liability claim; and (3) Wheat's stipulations fail to expressly assert that this Court would retain jurisdiction until

Wheat's personal injury claim has been determined.  The claimant
filed a reply to these contentions which addresses each in turn.
For the reasons that follow, this Court denies without prejudice
Wheat's motion to stay proceedings and lift the injunction against
the prosecution of his state court suit.

## II.  Discussion

Under Article III, § 2 of the United States Constitution, the
federal courts are vested with jurisdiction over all admiralty and
maritime jurisdiction cases.  Lewis v. Lewis & Clark Marine, Inc.,
531 U.S. 438, 443 (2001).  This grant of jurisdiction is now
codified in 28 U.S.C. § 1331, with a limitation "so as to save
seamen their remedies."  Norfolk Dredging Co. v. Wiley, 439 F.3d
205, 208 (4th Cir. 2006).  The statute specifically states:

> The district courts shall have original jurisdiction,
> exclusive of the courts of the States, of: (1) any civil
> case of admiralty or maritime jurisdiction, saving to
> suitors in all cases all other remedies to which they are
> otherwise entitled.

28 U.S.C. § 1333 (emphasis added).  This "saving to suitors" clause
"preserves remedies and the concurrent jurisdiction of state courts
over some admiralty and maritime claims."  Lewis, 531 U.S. at 445.

The saving to suitors clause, however, as recognized by the
Supreme Court, may sometimes conflict with VOLLA, which, as
described above, "allows a vessel owner to limit liability for
damage or injury, occasioned without the owner's privity or
knowledge, to the value of the vessel or the owner's interest in

6

the vessel." Id. at 446; see 46 U.S.C. § 30505. Rule F sets forth the procedure for a limitation of liability action. The Supreme Court briefly explained the procedure as follows:

> "The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants."

Id. at 448.

As such, it is clear that the potential conflict between the saving to suitors clause and VOLLA stems from the fact that "[o]ne statute gives suitors the right to a choice of remedies, and the other statute gives the owners the right to seek limitation of liability in federal court." Id. The Supreme Court addressed this issue of handling this conflict in Lewis. In that case, the claimant sued a vessel owner in state court for negligence under the Jones Act, unseaworthiness of the ship in question, and maintenance and cure. Id. at 440-41. The vessel owner then filed a complaint in federal court to limit the vessel owner's liability. Id. After the claimant stipulated to facts that would limit the liability of the vessel owner to the value of the vessel, the district court dissolved the injunction placed on the claimant's state court action. Id. at 440.

7

Regarding this action by the district court, the Supreme Court stated that "case law makes clear that state courts, with all their remedies, may adjudicate claims like petitioner's against vessel owners <u>so long as the vessel owner's right to seek limitation of liability is protected</u>." <u>Id.</u> at 455 (emphasis added).  The Supreme Court found that, because the stipulations offered had adequately protected the vessel owner's limitation of liability rights, it was "well within" its discretion to dissolve the injunction.[4]  <u>Id.</u> at 454.  This result allows for the fulfillment of the vessel owner's rights under VOLLA, and also provides the claimant with the right to litigate his claim in state court which is provided for by the saving to suitors clause.

The plaintiff claims, however, that the stipulations filed by the claimant inadequately protect its right to seek limitation of liability.  As outlined above, the plaintiff claims three general failings of the claimant's proposed stipulation.  This Court will address each of these arguments in turn.

---

[4]This Court recognizes the plaintiff's argument regarding its assertion that Wheat incorrectly states that dissolution of the state court injunction is mandatory upon his submission of adequate stipulations.  However, as this argument by the plaintiff appears to simply seek to make this distinction for the Court, the same will not be addressed outside of a recognition that any decision to dissolve the state court injunction is, in fact, discretionary on the part of this Court.  <u>See Lewis</u>, 531 U.S. at 449.

A.   <u>Whether the claimant must agree to limit his recovery to the</u>
<u>value of the vessel and its attending freight</u>

Wheat's proposed stipulations set forth his agreement that,
should the state court proceedings result in a judgment in excess
of the plaintiff's interest in M/V White House, Wheat "will not
seek to enforce such excess judgment or recovery to the extent the
same may expose Bellaire to liability in excess of the sum of
$600,000.00 until adjudication of the Complaint for limitation of
liability in this Court."  ECF No. 13 *3.  The plaintiff argues
that this Court cannot permit the claimant to proceed in state
court based upon this stipulation because Wheat fails to agree that
he will limit his recovery to the value of the vessel and its
attending freight.

In support of this argument, the plaintiff states that Supreme
Court precedent only permits the claimant to litigate his claims in
state court if the claimant stipulates that he will not contest the
right to limitation.  ECF No. 21 *4 (citing 3-II Benedict on
Admiralty § 14).  The plaintiff offers a number of cases in support
of this contention, and asserts that Wheat's stipulation diverges
on this issue from the stipulations which resulted in approval of
termination of the state court injunction in <u>Lewis</u>, 531 U.S. at
454; <u>Ex parte Green</u>, 286 U.S. 437 (1932); and <u>Lake Tankers Corp. v.</u>
<u>Henn</u>, 354 U.S. 147 (1957).  Therefore, the plaintiff claims that

the claimant should not be permitted to pursue his claims in state court.

The plaintiff recognizes that the United States Court of Appeals for the Fourth Circuit and other lower courts have permitted claimants to pursue their claims in state court upon stipulating that the district court will have exclusive jurisdiction to determine all issues relating to the vessel owner's right to limitation of liability. See Norfolk Dredging Co., 439 F.3d 205. However, the plaintiff argues that, because the Supreme Court has not approved this procedure, and because it differs from the procedure outlined in Ex parte Green, it is invalid.

The claimant responds by arguing that he is not required to stipulate now to limit his recovery to the value of the plaintiff's vessel and pending freight before he may continue his state court action. Wheat argues that the plaintiff misinterprets Ex parte Green and the other cited Supreme Court precedent. Wheat also argues that the plaintiff's interpretation of this precedent does not make sense, because such a required stipulation would leave only the value of the vessel and freight to be adjudicated in the limitation proceeding. This Court agrees with the claimant in this regard.

In Ex parte Green, the Supreme Court held that state courts have no jurisdiction to determine the issue of limitation of the vessel owner's liability under VOLLA. 286 U.S. at 439-40. The

10

Court indicated that, if the issue of limitation of liability was brought before the state court by the claimant, "the federal court is authorized to resume jurisdiction and dispose of the whole case." Id. at 440.  However, the Court did not find in that case, or any other upon which the plaintiff relies to this point, that a stipulation must be entered in the district court wherein the claimant agrees to limit his claim to the value of the vessel and its attending freight in order to litigate his claim in state court.  Rather, the Court simply stated, in confirmation of its prior holding in Langnes v. Green, 282 U.S. 531 (1931), that the issue of limitation of liability was one solely reserved for determination by the district court, and that issue could not be raised by the claimant in state court.  Ex parte Green, 286 U.S. at 440.

The plaintiff also relies upon Lake Tankers Corp. and Lewis in support of its claim that the claimant must stipulate to limit his claim to the value of the plaintiff's interest in M/V White House. In each of these opinions, the Court does note that the claimants stipulated to limiting their damages claims to the value of the vessel owner's interest in the relevant vessels and their freight. See Lake Tankers Corp., 354 U.S. at 149; and Lewis, 531 U.S. at 442.  However, neither of the opinions state that such a stipulation was necessary to allow the claimants to litigate their claims in state court.  Simply because the claimants in those cases

11

voluntarily chose to so stipulate does not stand as support for a finding that such a stipulation is mandatory.

Finally, this Court finds it necessary to discuss the Fourth Circuit's opinion in <u>Norfolk Dredging Co.</u>, which is binding precedent upon this Court. 439 F.3d 205. As the plaintiff admits, the court in <u>Norfolk Dredging Co.</u> found that a claimant's stipulations, which simply agreed that "claimant will not seek to enforce any judgment received from a jury in excess of the Limitation Fund until the vessel owner's <u>right to limitation</u> has been determined in admiralty," <u>Norfolk Dredging Co. v. Wiley</u>, 357 F. Supp. 2d 944, 950 (E. D. Va. 2005) (emphasis added), but which did not agree to limit the claimant's damages to the value of the relevant vessel, were adequate to allow the claimant to return to state court.  <u>Norfolk Dredging Co.</u>, 439 F.3d at 207-11.

However, the plaintiff asserts that this procedure has not been approved by the Supreme Court and that it differs from the requirements stated in <u>Ex parte Green</u>.  To this point, this Court disagrees with the plaintiff.  As explained above, this Court does not read <u>Ex parte Green</u> to require a stipulation that the claimant will limit its damages to the value of the vessel and its freight. Further, the Fourth Circuit directly cites <u>Ex parte Green</u> in its opinion, so this Court must assume that the court was aware of that opinion and considered it, finding its decision in <u>Norfolk Dredging Co.</u> to be in line with the Supreme Court's in that case.  <u>See</u> 439

12

F.3d at 209.  Finally, the Fourth Circuit heavily relied upon <u>Lewis</u> in order to reach its determinations in <u>Norfolk Dredging Co.</u> and rendered its opinion based upon its reading of that case.   <u>See</u> <u>generally id.</u>  As such, this Court finds that <u>Norfolk Dredging Co.</u> is binding upon this Court's decision today, and is not invalid as opposing the Supreme Court's decision in <u>Ex parte Green</u>.   The claimant is thus not required to agree to limit his damages to the value of M/V White House and its attending freight.

B.   <u>Whether Wheat's stipulations adequately protect the plaintiff's right to seek limitation of liability</u>

The plaintiff next argues that the stipulations offered by the claimant are inadequate in that they do not fully protect the plaintiff's right to seek limitation of liability in this Court following any adjudication of the merits of the claimant's claims in state court.  In order to adequately protect a vessel owner's rights to seek limitation of liability, a claimant's stipulations must provide for the following: (1) that the district court shall retain exclusive jurisdiction to decide all issues relating to limitation of liability and (2) that the claimant will not use any state court judgment obtained to attack the limitation of liability claim, either through enforcement of the same, or through res judicata principles.   <u>Norfolk Dredging Co.</u>, 439 F.3d at 210-11. The plaintiff claims that the claimant fails to adequately provide

13

the necessary protections of the plaintiff's limitation rights in two ways.

    1.   <u>Wheat's "clarification" regarding this Court's continuing jurisdiction</u>

The plaintiff initially admits that Wheat's stipulations contain all necessary language as required by <u>Norfolk Dredging Co.</u>, and described above.  However, the plaintiff asserts, the "clarification" offered in paragraph three of Wheat's stipulations impermissibly limits this Court's jurisdiction relating to limitation of liability.  Specifically, the "clarification" stipulation limits this Court's jurisdiction to the determination of only "(a) whether Bellaire had privity to or knowledge of the acts, events, or conditions upon which its liability was based in the state court action and, if so, (b) the value of Bellaire's interest in the M/V WHITE HOUSE, together with pending freight." ECF No. 12 *5.

The plaintiff asserts that this "clarification" is impermissible because Wheat is required to waive all claims of res judicata relevant to the issue of limited liability, and by limiting this waiver as the "clarification" does, Wheat is not completely waiving these rights.  The plaintiff claims that this "clarification" is not permitted by the Fourth Circuit, and that Wheat cites no authority which supports his ability to include such a clarification.

In response to the plaintiff's arguments, Wheat maintains that his "clarification" is not only permissible, but prudent, based upon the series of events which occurred in Complaint of Consolidation Coal Co., 123 F.3d 126 (3d Cir. 1997), cert. denied, 523 U.S. 1054 (1998)).  In that case, per an order by the district court, the claimant to waived his res judicata rights not only for limitation of liability, but also for exoneration from liability within his stipulations in the limitation action filed by the vessel owner.  Id. at 130.  After the claimant's case was litigated on the merits in state court, and returned to the district court for determinations regarding limitation of liability, the district court allowed the vessel owner to again argue exoneration on the merits of the claimant's case, citing the claimant's stipulation that expressly provided the vessel owner with the right to litigate issues relating to exoneration.  Id.  The district court eventually exonerated the vessel owner of all liability, and the United States Court of Appeals for the Third Circuit affirmed.  Id. at 133-34 & 135-37.

While this Court recognizes the claimant's concerns and desire to avoid the events which occurred in Complaint of Consolidation Coal Co., this Court finds that his concerns are unfounded based upon the inapposite procedural background of that case from Wheat's stipulations here.  As explained above, and as Wheat recognizes, the district court in Complaint of Consolidated Coal Co. required

the claimant to specifically stipulate that he waived <u>all</u> res judicata rights and that the vessel owner explicitly retained its right to litigate all issues relating to exoneration of liability in the limitation proceeding. <u>Id.</u> at 130. In this case, however, this Court is requiring no such stipulations.

In fact, in paragraphs 1 and 2 of Wheat's stipulations, Wheat explicitly stipulates that Bellaire "is entitled to litigate all issues <u>relating to limitation of liability</u> pursuant to the provisions of 46 U.S.C. § 30501 <u>et seq.</u>", ECF No. 13 *1 (emphasis added), and waives only his res judicata rights "relevant to <u>the issue of limitation of liability</u> pursuant to the provisions of 46 U.S.C. § 30501 <u>et seq.</u>", ECF No. 13 *2 (emphasis added). The plaintiff has not objected to these passages, and this Court finds no error in including them. Accordingly, this Court finds that the claimant has adequately specified that only issues relating to limitation of liability are retained for this Court. Thus, his reliance upon <u>Complaint of Consolidated Coal Co.</u>, a factually inapposite case, to support his inclusion of the "clarification" in paragraph 3 of the stipulations is without merit.

Further, this Court finds that the inclusion of paragraph 3 of the stipulations inappropriately limits this Court's jurisdiction over all issues relating to limitation of liability. Paragraph 3 limits this Court's jurisdiction to two specifically delineated issues, as articulated above. The claimant has not provided, and

16

this Court has been unable to find, any case law, binding on this Court or otherwise, which supports Wheat's ability to so specifically limit the jurisdiction of this Court. As the plaintiff notes, the district court in Norfolk Dredging Co. found this lack of supporting case law to be fatal to such limiting stipulations. In re Norfolk Dredging Co., No. 7:02CV110-F1, 2003 U.S. Dist. LEXIS 24889 (E.D.N.C. Dec. 17, 2003). That Court stated that "[a]bsent some citation to apposite, controlling authority, the court will not accept a stipulation that purports to withhold from the district court's determination any issue concerning Norfolk's claim for limitation of liability." In re Norfolk Dredging Co., 2003 U.S. Dist. LEXIS 24889, at *14.

So too, this Court finds that, without precedent suggesting that the claimant's "clarification" does not improperly limit this Court's jurisdiction over all issues relating to limitation of liability, this Court cannot be sure that this specific limitation will not so limit. This Court believes that the "clarification" may limit its ability to exercise the proper jurisdiction, and could possibly prevent this Court from addressing certain issues which may arise which do relate to limitation, but which are not specifically delineated in paragraph 3. Accordingly, the inclusion of paragraph 3 of the current stipulation results in an inadequate protection of the plaintiff's rights to seek limitation of liability. The claimant's motion to stay this action and lift the

17

injunction against prosecution of his state court claim must thus be denied on this basis.

    2.   <u>Wheat's maintenance and cure claim</u>

      The plaintiff also takes issue with Wheat's specific exclusion from any future limitation proceedings any judgment resulting from his maintenance and cure claim.  While the plaintiff specifically points to Wheat's position on this issue being included in his proposed order, this Court notes that it is also included multiple times in the stipulations,[5] and because this Court is not adopting the claimant's proposed order, will address only its inclusion in the stipulations.  As to this issue, the claimant specifically excepts from this Court's jurisdiction regarding limitation, any claim regarding a judgment which may result from Wheat's maintenance and cure claim.

      In support of his exclusion, the claimant argues that maintenance and cure is a cause of action which derives from contract, and is not predicated upon fault or negligence on the part of the vessel owner.  Accordingly, the claimant asserts, maintenance and cure claims do not fall under VOLLA, the protections of which are predicated on the fault of the vessel owner.  The claimant relies mainly upon a United States Court of

---

     [5]This exception is included in paragraphs 1, 2, 3, and 4 of the stipulations.

18

Appeals for the Fifth Circuit case entitled <u>Brister v. A.W.I., Inc.</u>, 946 F.2d 350 (5th Cir. 1991), to support this argument.

The plaintiff argues that the complete exclusion of any judgment resulting from Wheat's maintenance and cure claim is overbroad and premature at this stage.  In support of this assertion, the plaintiff notes that neither the United States Supreme Court nor the Fourth Circuit have spoken on this issue, thus making it an arguable issue which should be handled at the limitation stage of this case.  The plaintiff also claims that entirely excluding any damages resulting from the maintenance and cure claim impermissible prohibits this Court from determining which portion, if any, of any potential jury award equates to an award for maintenance and cure.

At this point in the litigation, this Court believes that it is unnecessary to make a final determination as to whether limitation of liability under VOLLA may apply to Wheat's maintenance and cure claim.  This Court agrees with the plaintiff that, without any binding precedent and with a relatively small number of applicable non-binding cases, the issue may be arguable.  Accordingly, because the litigation of the merits of Wheat's claims in state court may result in this issue being moot, this Court declines to engage in any inquiry in this regard until it is necessary to do so.  Further, this Court does not believe that the claimant is unduly prejudiced by this Court's decision to defer

consideration of his argument regarding maintenance and cure, because he is able to raise the issue again if a limitation proceeding becomes necessary.[6]   Therefore, this Court declines to make a determination on this issue at this point, and thus must also deny the claimant's motion to stay this action and lift the injunction against prosecution of his state court action on the basis that the stipulation affirmatively excludes from this Court's jurisdiction regarding limitation of liability any state court judgment stemming from the claimant's maintenance and cure claim.

####    3.   Stipulation of continuing jurisdiction

The plaintiff finally argues that the stipulation is insufficient because it does not explicitly state that this Court will retain jurisdiction until the claimant's personal injury claim has been determined, as is appropriate under Lewis and Norfolk Dredging Co., 531 U.S. at 453-54; 439 F.3d at 211.   The claimant does not oppose this argument by the plaintiff, but rather asserts that such continuing jurisdiction was assumed.

In Norfolk Dredging Co., the claimant agreed that the district court would retain jurisdiction until the claimant's state court claims were determined.   439 F.3d at 211.   The Fourth Circuit found

---

[6]This Court notes that the district court in Norfolk Dredging Co. similarly deferred rendering a decision regarding an arguable issue relating to limitation of liability until it became necessary to rule on the issue at limitation proceedings.   439 F.3d at 210. The Fourth Circuit approved this action by the district court and found that this action did not prejudice plaintiff's limitation rights.   Id.

that, based on this stipulation, if the claimant's "stipulations provide inadequate protection in some unforeseen way, the district court has continuing jurisdiction to correct any deficiencies." Id. (citing Lewis, 531 U.S. at 453-54).   This Court agrees that such a stipulation would assist in ensuring that the plaintiff's limitation rights are adequately protected.   Further, the claimant does not object to including such a stipulation in possible future amended stipulations.   Therefore, should the claimant choose to file amended stipulations in accordance with this memorandum opinion and order, this Court directs the claimant to include such a stipulation indicating his agreement with this Court's retention of jurisdiction until his personal injury claim is determined.

### III.   Conclusion

For the above stated reasons, the claimant's motion to stay this action and lift the injunction against prosecution of his state court suit is DENIED WITHOUT PREJUDICE pending any refiling of amended stipulations drafted in accordance with this memorandum opinion and order.   Should the claimant choose to file such amended stipulations, the same must be filed on or before **April 12, 2013**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     March 27, 2013


                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE