IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COMPLAINT OF:

BELLAIRE HARBOR SERVICE, LLC　　　　　　　Civil Action No. 5:12CV47
as owner of the M/V WHITE HOUSE　　　　　　　　　　　　　(STAMP)

For Exoneration or Limitation
of Liability

**MEMORANDUM OPINION AND ORDER**
**GRANTING CLAIMANT'S FIRST AMENDED MOTION**
**TO STAY THIS ACTION AND LIFT INJUNCTION**
**AGAINST STATE COURT PROCEEDING**

I.  Background

The plaintiff filed this civil action in this Court seeking exoneration of liability pursuant to the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, et seq. ("VOLLA"), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule F"). The plaintiff's complaint arises from a civil action filed in the Circuit Court of Marshall County, West Virginia by claimant William E. Wheat ("claimant" or "Wheat"), wherein the claimant asserts liability on the part of the plaintiff for personal injuries the claimant allegedly suffered onboard Motor Vessel White House ("M/V White House") on October 10, 2010.

After the claimant entered his appearance in this action, he filed a motion to stay this action and lift the injunction against the prosecution of his state court case, which included written stipulations in support of the motion. The plaintiff opposed the

motion and stipulations and on March 27, 2013, this Court entered a memorandum opinion and order denying the claimant's motion without prejudice.  In that memorandum opinion and order, this Court indicated that the initial proposed stipulations failed to adequately protect the rights of the plaintiff to assert limitation of liability in this Court under VOLLA and Rule F in a number of ways which were explained in the memorandum opinion and order.

The claimant has now filed a first amended motion to stay this action and lift injunction against prosecution of his state court suit, which motion is accompanied by amended stipulations.  The claimant's first amended stipulations in support of his first amended motion to stay this action and lift the injunction against prosecutions of his state court suit are as follows:

> 1. Wheat stipulates and agrees that Bellaire is entitled to litigate all issues relating to limitation of liability pursuant to the provisions of the Act [46 U.S.C. § 30501, et seq.] in this Court.
>
> 2. Wheat waives any claim of res judicata relevant to the issue of limitation of liability pursuant to the provisions of the Act based on any jury or non-jury trial decision or judgment he may obtain in state court.
>
> 3. Wheat neither stipulates nor agrees that Bellaire is entitled to litigate the issue of exoneration from liability in this Court, as he is not required to under this Court's March 27, 2013, Memorandum Opinion and Order (CM/ECF Doc. No. 23), and applicable law.
>
> 4. While not stipulating or agreeing that the value of the limitation fund in this action is, as alleged by Bellaire, not in excess of $600,000.00, and specifically reserving his right to file at a later time a motion under Rule F(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking

an appraisement of the value of Bellaire's interest, if any, in the vessel and pending freight, Wheat stipulates and agrees that in the event there is a judgment or recovery on any jury or non-jury trial decision or judgment in state court in excess of $600,000.00 against Bellaire, and to the extent such state court decision or judgment is not based on Wheat's above-described maintenance and cure claim, Wheat will not seek to enforce such excess judgment or recovery to the extent same may expose Bellaire to liability in excess of the sum of $600,000.00 until adjudication of the Complaint for limitation of liability in this Court.

5. Wheat stipulates and agrees that this Court has the exclusive right under the Act to determine the proper value of the limitation fund, under the procedures outlined in Rule F(7).

6. Wheat expressly reserves for later determination by this Court, if necessary, the issue of whether Bellaire is entitled to the protections of the Act in this Court as to this general maritime law maintenance and cure claim.

7. Wheat stipulates and agrees this Court will retain continuing jurisdiction while this case is stayed pending the completion of the state court suit he has filed against Bellaire in the Circuit Court of Marshall County, West Virginia, and any appeal(s) which may lie therefrom.

ECF No. 25 (emphasis in original).

The plaintiff has again opposed this first amended motion to stay this action and lift injunction against prosecution of Wheat's state court suit and the accompanying stipulations. Specifically, with regard to the above stipulations, the plaintiff argues that its rights are insufficiently protected because: (1) this Court is not required to lift the injunction; such action is merely within the Court's discretion; (2) Wheat fails to agree to limit his recovery to the value of the vessel and its attending freight; and

3

(3) Wheat has failed to stipulate that Bellaire Harbor Service, LLC ("Bellaire") is entitled to litigate the issue of exoneration from liability in this Court. As to these arguments, Bellaire incorporated its memorandum in opposition to the claimant's initial stipulations. The claimant filed a reply to these contentions which points out that this Court has already passed on each of Bellaire's arguments. For the reasons that follow, this Court grants Wheat's motion to stay proceedings and lift the injunction against the prosecution of his state court suit.

## II. Discussion

As the claimant correctly contends, this Court has already considered and rejected the plaintiff's renewed arguments in its March 27, 2013 memorandum opinion and order. As such, and as explained in more depth below, this Court finds that the claimant's first amended stipulation adequately protects the plaintiff's rights under VOLLA and Rule F.

A. This Court's discretion to lift the state court injunction

This Court has already recognized that the dissolution of the state court injunction is not mandatory, but is rather discretionary. See ECF No. 23 n.4 *8; Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 449 (2001). Further, while the plaintiff again raises this as an objection to the claimant's motion and stipulations, it fails to present any argument as to why this Court should not use its discretion to lift the injunction in

this situation. This Court will not engage in a sua sponte inspection of the propriety of lifting the state court injunction in this case specifically, when the plaintiff has failed to present a single argument in this regard beyond simply raising the issue. As such, this Court again recognizes that dissolution of the injunction is not mandatory, but will, in its discretion, dissolve the injunction in this case.

B. <u>Whether the claimant must agree to limit his recovery to the value of the vessel and its attending freight</u>

In its previous memorandum opinion and order, this Court engaged in an extensive explanation of its conclusion that, pursuant to the binding precedent of <u>Norfolk Dredging Co. v. Wiley</u>, 439 F.3d 205, 208 (4th Cir. 2006), the claimant is not required to stipulate to limit his recovery to the value of the vessel and its attending freight. The plaintiff has again failed to raise new argument as to this point, and simply refers to its argument contained in its initial memorandum in opposition to the claimant's stipulations. Accordingly, this Court will not engage in a repeat discussion of its opinion already stated at length in its March 27, 2013 memorandum opinion and order, but will incorporate by reference the explanation of the same contained therein (ECF No. 23 *9-*13) and again find that the claimant is not required to stipulate to limit his recovery to the value of the vessel and its attending freight.

5

C. <u>Whether the claimant must stipulate that the plaintiff is entitled to litigate the issue of exoneration in this Court</u>

While the plaintiff did not make this argument in opposition to the claimant's initial stipulations,[1] this Court specifically found, in response to the claimant's concerns, that no stipulation as to exoneration was necessary under <u>Norfolk Dredging Co.</u>, 439 F.3d at 210-211. The plaintiff has failed to provide this Court with a single argument as to why it believes, as of the time of the first amended stipulation, that it is entitled to litigate the issue of exoneration in this Court. Nonetheless, this Court will address the argument in explanation of why it finds that the claimant is not required to make such a stipulation.

It does not appear that the United States Court of Appeals for the Fourth Circuit has directly addressed whether or not a claimant is required to stipulate to a vessel-owner's right to litigate exoneration in federal court. However, the Fifth Circuit in <u>In re Tidewater</u> provides the following explanation and analysis of why the same cannot be required by district courts:

> The Limitation Act [VOLLA] itself does not expressly provide the shipowner with a right to exoneration. However, The Federal Rules of Procedure [Rule F] provide

---

[1]This Court notes that, despite the fact that the plaintiff has never previously argued that it was entitled to litigate the issue of exoneration in this Court, it curiously refers the Court to its initial memorandum for briefing as to this point. As such, the plaintiff has offered no argument whatsoever as to why it believes that it is entitled to litigate the issue of exoneration in this Court.

6

> that a limitation claimant "may demand exoneration." In <u>Falcon Inland</u>, the court noted that Rule F uses the permissive verb "may" and reasoned that the word "shall" would have been used if the exoneration issue were reserved exclusively to federal courts. <u>In re Falcon Inland, Inc.</u>, 2 F. Supp. 2d 835, 836 (E.D. La. 1998).

249 F.3d 342, 347 (5th Cir. 2001) (some internal citations omitted). Further, the Fifth Circuit explained, supplemental rules, like Rule F, "cannot enlarge the substantive rights conferred on shipowners by the Limitation Act." <u>Id.</u> at 347 (citing 28 U.S.C. § 2072(b)). If courts required an exoneration stipulation prior to lifting the stay on a state proceeding, courts would be "enlarg[ing] shipowners' rights under [VOLLA] and abridg[ing] claimants' rights under the savings to suitor clause." <u>Id.</u> As a result, claimants cannot be required to stipulate to grant the shipowner the right to litigate the issue of exoneration in federal court in order to lift a state court injunction. <u>Id.</u>; see <u>In re Association of Maryland Pilots</u>, 596 F. Supp. 2d 915, 920-21 (D. Md. 2009) (applying the Fifth Circuit's analysis in <u>In re Tidewater</u> and finding a stipulation to exoneration of liability is not required). This Court agrees with this position and explanation. Thus, again this Court finds that the claimant need not stipulate to the plaintiff's right to litigate the exoneration issue in this Court. The claimant's stipulation to the plaintiff's right to litigate all issues related to the limitation of liability, along with the claimant's other stipulations, is

sufficient for this Court to lift the injunction on the state court action and grant the motion to stay this action.

III. Conclusion

For the above stated reasons, the claimant's motion to stay this action and lift the injunction against prosecution of his state court suit is GRANTED. Accordingly, this action is hereby STAYED. Further, the parties are DIRECTED to file the appropriate motion with this Court, seeking either recommencement of proceedings under the Limitation Act in this Court or dismissal of this action within 30 days of the conclusion or appeal from the state proceedings, whichever is later.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   August 20, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE